| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, ) ) ) Plaintiff, ) ) v. ) ) FRYE REGIONAL MEDICAL CENTER, INC. ) ) Defendant. ) ) ) ) ) ) | CIVIL ACTION NO. 5:13-cv-102 |

COMPLAINT

_____

## INTRODUCTION

1.  Plaintiff, Disability Rights North Carolina ("DRNC"), brings this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. § 10801 *et seq.* By this action, DRNC challenges the refusal of the defendant, Frye Regional Medical Center, Inc. ("Frye Regional"), to provide DRNC with records to which DRNC is legally entitled.

2.  DRNC is the duly-designated state Protection and Advocacy System ("P&A") for individuals with disabilities. 42 U.S.C. § 10801(b). DRNC is entrusted, empowered and obligated to protect the civil rights of individuals with disabilities in the state of North Carolina. *Id.*; 29 U.S.C. 794e(a)(1); 42 U.S.C. § 15041.

3. As the state P&A, DRNC has the responsibility and authority to access records in the course of investigating allegations of abuse or neglect of individuals with mental illness. 42 U.S.C. §§ 10805, 10806.

4. DRNC has requested certain records from Defendant that it is entitled to access under federal law. 42 U.S.C. § 10805(a)(1)(B); 42 C.F.R. § 51.42(b)(2).

5. The Defendant's refusal to produce the requested records prevents DRNC from fulfilling its statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. By this action, DRNC seeks an order from this Court requiring Defendant to provide the requested information so that DRNC may discharge its statutory duties and investigate the alleged abuse and neglect, and subsequent death, of an individual with a disability.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's federal claim is made pursuant to the PAIMI Act, 42 U.S.C. § 10801 *et seq.* Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 & 2202.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(c). As Defendant's principal place of business is located in this district, the Defendant is subject to personal jurisdiction in this district and is therefore deemed to reside in this district.

## PARTIES

8. Plaintiff DRNC, the P&A designated by the Governor of the State of North Carolina to provide protection and advocacy services to individuals with disabilities, is a

"person" authorized to seek legal and equitable relief against organizations that deprive it of rights granted to it under federal law. DRNC, a non-profit corporation independent of state government, is incorporated in North Carolina and maintains its principal place of business in Raleigh, North Carolina.

9. DRNC receives federal funds pursuant to the PAIMI Act and is thereby obligated to provide protection and advocacy services for individuals with mental illness. Under the PAIMI Act, DRNC is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal and other remedies on behalf of individuals with mental illness. In order to carry out its investigative functions, DRNC is granted the authority to have access to individuals with disabilities in the locations where they receive services, and to have access to their medical and other records under certain conditions. 42 U.S.C. § 10806(b)(2); 42 C.F.R. § 51.41.

10. Defendant Frye Regional is a healthcare provider located in Hickory, North Carolina. It provides a range of services to individuals in Catawba County and surrounding counties, including in-patient psychiatric services.

FACTUAL ALLEGATIONS

11. On or about March 14, 2013, an individual with mental illness hereinafter referred to by his initials, "C.L.H.," died while a patient of Frye Regional. C.L.H. had a diagnosis of psychosis.

12. On or about June 4, 2013, DRNC received a report of C.L.H.'s death as part of its regular protection and advocacy activities, and pursuant to certain reporting

3

requirements under state law. *See* N.C. Gen. Stat. § 122C-31(b), (d). According to the report, on or about February 18, 2013, C.L.H. was involved in an altercation with Frye Regional staff. Frye Regional staff put C.L.H. into a restraint which resulted in C.L.H. sustaining a fractured leg. On or about March 10, 2013, C.L.H. was evaluated for shortness of breath and chest pain. Tests revealed a large pulmonary embolus in C.L.H.'s right lung. Despite treatment in the Intensive Care Unit, C.L.H. died on March 14.

13. Based on the information in the report DRNC received, DRNC determined that it had probable cause as defined in 42 C.F.R. § 51.2 to believe that C.L.H.'s death may have resulted from abuse and/or neglect, thus meriting further investigation. Based upon this probable cause determination, DRNC initiated an investigation into C.L.H.'s death pursuant to its federal authority under the PAIMI Act.

14. On June 27, 2013, DRNC notified Frye Regional, in writing, that it would be investigating the allegations concerning the abuse and/or neglect, and subsequent death, of C.L.H. As part of that investigation, DRNC requested, in writing, a variety of documents, including C.L.H.'s treatment records and Frye Regional's internal investigation records. The request for internal investigation records included but was not limited to root cause analyses and other peer review records. The letter provided detail concerning the statutory basis for the request. The letter also requested access to the requested records within 24 hours, as required by the PAIMI Act.

15. On July 2, 2013, Frye Regional contacted DRNC to request an additional 30 days in which to provide the requested records. DRNC agreed to wait until July 19, 2013, to receive the requested records.

16. On July 22, 2013, DRNC received a disc containing C.L.H.'s complete medical records (as stated by Frye Regional's counsel). Citing peer review privilege, Frye Regional refused to provide the internal investigation records, including any root cause analyses and other peer review records.

## CAUSE OF ACTION

17. Plaintiff adopts and restates the allegations set forth in paragraphs 1-16 of this complaint.

18. The PAIMI Act and its implementing regulations give DRNC, as North Carolina's designated P&A, the authority to investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or there is probable cause to believe the incidents occurred. 42 U.S.C. § 10805(a)(1)(A); 42 C.F.R. § 51.42(b).

19. The PAIMI Act and its implementing regulations give DRNC the authority to access all individual records of:

> any individual [with a mental illness] (including an individual who has died or whose whereabouts are unknown)--

a. who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;

b. who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and

c. with respect to whom a complaint has been received by the system or with respect to whom… there is probable cause to believe that such individual has been subject to abuse or neglect.

42 U.S.C. § 10805(a)(4)(B); 42 C.F.R. § 51.42(b)(2).

20. C.L.H. is an individual with mental illness who has died and is therefore unable to authorize DRNC to access his records. During his life, the New Hanover County Department of Social Services, a division of the State of North Carolina, acted as C.L.H.'s guardian. DRNC has received a complaint regarding C.L.H.'s death and has determined that there is probable cause to believe that C.L.H. was subjected to abuse and/or neglect. Therefore, DRNC is entitled to access C.L.H.'s records pursuant to the authority granted by the PAIMI Act.

21. The implementing regulations to the PAIMI Act define individual records to include "[r]eports prepared by an agency charged with investigating abuse, neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself"

that describe abuse, neglect or injury occurring at the facility, the steps taken to investigate such incidents, and supporting information relied upon in creating the report. 42 C.F.R. § 51.41(c)(2).

22. Frye Regional is charged with investigating allegations of abuse and/or neglect under both federal and state law. 42 C.F.R. § 482.13(a)(2); N.C. Gen. Stat. § 131E-256(g). Therefore, any reports or documents generated during Frye Regional's investigation of C.L.H.'s death are considered records to which DRNC is entitled under the authority of the PAIMI Act.

23. The implementing regulations to the PAIMI Act further define individual records to include "[r]eports prepared by individuals and entities performing certification or licensure reviews, or by professional accreditation organizations, as well as related assessments prepared for the facility… except that nothing in this section is intended to preempt State law protecting records produced by medical care evaluation or peer review committees." 42 C.F.R. § 51.41(c)(4).

24. The accreditation standards of The Joint Commission require Frye Regional to investigate the deaths of patients in its care. Any reports prepared by Frye Regional in such investigation are individual records to which DRNC is entitled under the authority of the PAIMI Act.

25. State law protects root cause analyses and peer review records from certain instances of disclosure, as these materials "shall not be subject to discovery or introduction into evidence in any civil action against a hospital." N.C. Gen. Stat. § 131E-

7

95(b); *see also id.* § 122C-30(2).  However, DRNC seeks access to such records for the sole purpose of fulfilling its statutory obligation to investigate allegations of abuse and/or neglect.  Therefore, the regulations to the PAIMI Act are not in conflict with state law protecting such records, and disclosure of such records to DRNC is not prohibited.

26.     By refusing DRNC's written request for access to internal investigation records, including root cause analyses and other peer review records, Frye Regional has violated DRNC's statutory rights under the PAIMI Act, 42 U.S.C. § 10801 *et seq.* and the regulations promulgated pursuant to it, 42 C.F.R. § 51.1 *et seq.*

27.     Frye Regional's violation of the PAIMI Act irreparably harms DRNC by preventing it from carrying out its responsibilities under the Act.

28.     Unless Frye Regional is enjoined to provide DRNC the access required by the PAIMI Act, DRNC will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities.

## INJUNCTIVE RELIEF

29.     Plaintiff adopts and restates the allegations set forth in paragraphs 1-28 of this complaint.

30.     As a proximate result of Frye Regional's violation of the PAIMI Act, DRNC has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendant's refusal to provide the requested records violates the PAIMI Act;

2. Enter permanent injunctive relief requiring the Defendant to provide Disability Rights NC with access to the requested internal investigation records, including root cause analyses and other peer review records;

3. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI Act; and

4. Such other, further or different relief as the Court deems equitable and just.

Dated: July 22, 2013                    Respectfully submitted,


/s/ John R. Rittelmeyer
John R. Rittelmeyer, N.C. Bar No. 17204
john.rittelmeyer@disabilityrightsnc.org

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. Bar No. 35595
kristine.sullivan@disabilityrightsnc.org

*Attorneys for Plaintiff*
DISABILITY RIGHTS NC
2626 Glenwood Avenue, Suite 550
Raleigh, NC  27608
Telephone: (919) 856-2195
Fax: (919) 856-2244